UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
NATHANIEL O.,

                Plaintiff,        DECISION AND ORDER
                                       1:23-cv-02762-GRJ

     v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
-------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

      In November of 2020, Plaintiff Nathaniel O.[1] applied for Supplemental Security Income benefits under the Social Security Act. The Commissioner of Social Security denied the application. Plaintiff, represented by Osborn Law, P.C., Daniel Adam Osborn, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 11).

      This case was referred to the undersigned on March 7, 2024. Presently pending is Plaintiff's Motion for Judgment on the Pleadings under Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket No. 14). For

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

the following reasons, Plaintiff's motion is due to be denied and this case is dismissed.

## I.  BACKGROUND

### A.   *Administrative Proceedings*

Plaintiff applied for benefits on November 20, 2020, alleging disability beginning June 5, 2019. (T at 83).[2] Plaintiff's application was denied initially and on reconsideration.  He requested a hearing before an Administrative Law Judge ("ALJ").  A hearing was held on December 2, 2021, before ALJ Elias Feuer. (T at 34-68). Plaintiff appeared with an attorney and testified. (T at 36-63). The ALJ also received testimony from Dawn Blythe, a vocational expert. (T at 63-67).

### B.   *ALJ's Decision*

On January 26, 2022, the ALJ issued a decision denying the application for benefits. (T at 17-33).  The ALJ found that Plaintiff had not engaged in substantial gainful activity since November 20, 2020 (the application date). (T at 22).  The ALJ concluded that Plaintiff's asthma and unspecified lumbar disorder were severe impairments as defined under the Social Security Act. (T at 22).

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 8.

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 23).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR 416.967 (a), with the following limitations: he cannot climb ladders, ropes, or scaffolds; he is limited to occasional climbing of ramps and stairs and occasional balancing, stooping, kneeling, crouching, and crawling; he cannot work at unprotected heights or operate machinery with moving parts; and he must avoid concentrated exposure to pulmonary irritants. (T at 24).

The ALJ declined to make a finding regarding Plaintiff's past relevant work due to lack of evidence and found that it would not be material in any event. (T at 28). Considering Plaintiff's age (46 on the application date date), education (at least high school), work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 28).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between November 20, 2020 (the application date) and

January 26, 2022 (the date of the ALJ's decision). (T at 29). On November 20, 2022, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 6-11).

C. *Procedural History*

Plaintiff commenced this action, by and through his counsel, by filing a Complaint on April 3, 2023. (Docket No. 1). On October 10, 2023, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket Nos. 14, 15). The Commissioner interposed a brief in opposition to the motion and in support of the denial of benefits, on November 28, 2023. (Docket No. 17). On January 2, 2024, Plaintiff submitted a reply memorandum of law in further support of his motion. (Docket No. 18).

## II. APPLICABLE LAW

A. *Standard of Review*

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

B.   *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of

any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...." 42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.
>
> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.
>
> 5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

### III.  DISCUSSION

Plaintiff raises one main argument in support of his request for reversal of the ALJ's decision.  Plaintiff argues that the ALJ's assessment of the medical opinion evidence was flawed, which undermines the RFC determination.

"Regardless of its source, the ALJ must evaluate every medical opinion in determining whether a claimant is disabled under the [Social Security] Act." *Pena ex rel. E.R. v. Astrue*, No. 11-CV-1787 (KAM), 2013 WL 1210932, at *14 (E.D.N.Y. Mar. 25, 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(d) (2020)) (internal quotation marks omitted).

In January of 2017, the Social Security Administration promulgated new regulations regarding the consideration of medical opinion evidence. The revised regulations apply to claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c.  Because Plaintiff's application for benefits was filed after that date, the new regulations apply here.

The ALJ no longer gives "specific evidentiary weight to medical opinions," but rather considers all medical opinions and "evaluate[s] their persuasiveness" based on supportability, consistency, relationship with the claimant, specialization, and other factors. See 20 C.F.R. § 404.1520c (a), (b)(2).   The ALJ is required to "articulate how [he or she] considered the medical opinions" and state "how persuasive" he or she finds each opinion, with a specific explanation provided as to the consistency and supportability factors. See 20 C.F.R. § 404.1520c (b)(2).

Consistency is "the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources." *Dany Z. v. Saul*, 531 F. Supp. 3d 871, 882 (D. Vt. 2021)(citing 20 C.F.R. § 416.920c(c)(2)).  The "more consistent a medical opinion" is with "evidence from other medical sources and nonmedical sources," the "more persuasive the medical opinion" will be. See 20 C.F.R. § 404.1520c(c)(2).

Supportability is "the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations." *Dany Z*, 531 F. Supp. 3d at 881. "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520 (c)(1), 416.920c(c)(1).

   1.   *Dr. Meisel*

Dr. Allen Meisel performed a consultative examination in January of 2021. Dr. Meisel diagnosed lumbar back pain, rule out left lower extremity radiculopathy, hypertension, and asthma. (T at 400). He opined that Plaintiff had mild limitation with respect to standing, walking, climbing stairs, bending, and kneeling. (T at 400). Dr. Meisel stated that because of Plaintiff's asthma, "he should avoid exposure to smoke, dust, and other respiratory irritants." (T at 400).

The ALJ found Dr. Meisel's opinion partially persuasive. In particular, the ALJ concluded that Dr. Meisel's assessment of mild limitation with respect to standing, walking, climbing stairs, bending, and kneeling was not

consistent with the record, which the ALJ found evidenced a more restrictive degree of physical impairment. (T at 27).

However, the ALJ found Dr. Meisel's recommendation that Plaintiff avoid exposure to smoke, dust, and other respiratory irritants persuasive and stated that he was accepting that limitation. (T at 27).

Plaintiff argues that the ALJ's decision is internally inconsistent because the ALJ adopted Dr. Meisel's recommendation that Plaintiff avoid exposure to smoke, dust, and other respiratory irritants, but then formulated an RFC that only restricts Plaintiff from working in environments that include "*concentrated* exposure to dust, odors, fumes, or other pulmonary irritants." (T at 24)(emphasis added).

The Court finds no reversible error in the ALJ's decision.

Even if one reads Dr. Meisel's evaluation to indicate that he believed Plaintiff should avoid *all* exposure to pulmonary irritants, the record contains substantial evidence sufficient to sustain the ALJ's conclusion that Plaintiff only needed to avoid concentrated exposure.

Three State Agency physicians (Drs. Naroditsky, Vinluan, and Ahmed) reviewed the record and found Plaintiff limited only to concentrated exposure to pulmonary irritants. (T at 77, 92, 107). Pascale Vixama, a treating nurse practitioner, completed a physical capacity evaluation in

January of 2022 (discussed further below).  When asked about Plaintiff's environmental limitations, Mr. Vixama checked the form to indicate restrictions from heights and moving machinery but left blank the portions related to restrictions from fumes and dust. (T at 751).

Treatment notes described Plaintiff's asthma as "mild." (T at 27, 449-60). Plaintiff performed activities of daily living (including walking outside and shopping in stores), which show he can tolerate at least some exposure to pulmonary irritants.  (T at 258, 260).

The Court finds that any arguable error or imprecision in the ALJ's assessment of Dr. Meisel's opinion was harmless because substantial evidence supports the conclusion that Plaintiff is not completely precluded from exposure to pulmonary irritants.  *See Paul W. H. v. Comm'r of Soc. Sec.*, No. 6:20-CV-6858 (WBC), 2022 WL 1913281, at *5 (W.D.N.Y. June 3, 2022)(ALJ reasonably concluded that claimant could occasional tolerate environmental irritants based on medical opinion evidence and claimant's activities of daily living); *see also Sally W. on behalf of Catherine S. v. Saul,* No. 5-19-CV0993-GTS-ML, 2020 WL 6465446, at *5 n.1 (N.D.N.Y. Sept. 25, 2020).

### 2. NP Vixama

In his January 2022 physical capacity evaluation, NP Vixama opined that Plaintiff could occasionally lift up to 20 pounds, walk for 15 minutes in an 8-hour workday, and sit for 0 minutes in an 8-whour workday. (T at 748-49). He further indicated that Plaintiff would need to take 5 unscheduled breaks during the day; would need to elevate his legs 3 times per day for 10 minutes; could never kneel, crouch, or crawl; was limited to frequent reaching and occasional pushing/pulling; and should avoid heights and moving machinery. (T at 749-51).

The ALJ found NP Vixama's assessment unpersuasive, concluding that it was inconsistent with the record, including the medical opinion evidence and treatment record. (T at 28).

Plaintiff argues that the ALJ's decision to discount NP Vixama's opinion was insufficiently explained.

The Court finds no reversible error, as the basis for the ALJ's reasoning concerning NP Vixama's opinion can be readily discerned from the decision, which is (in turn) supported by substantial evidence. *See Cichocki v. Astrue*, 729 F.3d 172, 178 n.3 (2d Cir. 2013)("An ALJ need not recite every piece of evidence that contributed to the decision, so long as

the record 'permits us to glean the rationale of an ALJ's decision.'")(quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983)).

The ALJ's RFC determination is supported by the assessment of Dr. Ahmed, a State Agency review physician, who opined that Plaintiff could occasionally lift and carry up to 20 pounds, frequently lift and carry up to 10 pounds, stand and/or walk for about six hours in an eight-hour day, sit (with normal breaks) for about six hours in an eight-hour day, and frequently stoop, crawl, and climb ladders, ropes, and scaffolds. (T at 105-06).

"'[S]tate agency physicians are qualified as experts in the evaluation of medical issues in disability claims,' and as such, 'their opinions may constitute substantial evidence if they are consistent with the record as a whole.'" *Distefano v. Berryhill*, 363 F. Supp. 3d 453, 474 (S.D.N.Y. 2019)(quoting *Leach ex rel. Murray v. Barnhart,* 02 Civ. 3561, 2004 U.S. Dist. LEXIS 668, at *26 (S.D.N.Y. Jan. 22, 2004)); *see also Ortiz v. Comm'r of Soc. Sec.*, 309 F. Supp. 3d 189, 205 (S.D.N.Y. 2018)("Moreover, the opinion of a non-examining medical expert … may be considered substantial evidence if consistent with the record as a whole.").

As discussed above, Dr. Meisel, the consultative examiner, assessed only mild limitation in Plaintiff's ability to stand, walk, climb stairs, bend, and kneel. (T at 400).

The ALJ provided a detailed discussion of the record and explanation of his decision, including a review of Plaintiff's conservative treatment history, which included no referral to specialists, and treatment notes documenting generally successful symptom management. (T at 25-27).

For the reasons discussed above, the Court finds the ALJ's decision, including the decision to discount the extremely restrictive assessment of NP Vixama, supported by substantial evidence. The decision must therefore be sustained under the deferential standard of review applicable here. *See DuBois v. Comm'r of Soc. Sec.*, No. 20-CV-8422 (BCM), 2022 WL 845751, at *8 (S.D.N.Y. Mar. 21, 2022)("To be sure, there is some evidence in the record that would support the conclusion that plaintiff had greater limitations than those the ALJ built into her RFC. But that is not the test."); *Brault v. SSA*, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam)("The substantial evidence standard means once an ALJ finds facts, [a court] can reject those facts only if a reasonable factfinder would *have to conclude* otherwise.")(emphasis in original) (citation and internal quotation marks omitted).

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 14) is DENIED, and this case is DISMISSED. The Clerk is directed to enter final judgment in favor of the Commissioner and then close the file.

Dated: April 15, 2024                                           *s/ Gary R. Jones*
                                                                                GARY R. JONES
                                                                                United States Magistrate Judge